IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ME2 PRODUCTIONS, INC.; | ) | CIVIL NO. 17-000130 SOM/KJM |
|---|---|---|
| VENICE PI, LLC; | ) | |
| LHF PRODUCTIONS, INC., | ) | ORDER TO SHOW CAUSE WHY LHF |
| | ) | PRODUCTIONS, INC.'S CLAIMS |
| Plaintiffs | ) | ARE NOT BARRED BY ISSUE |
| | ) | AND/OR CLAIM PRECLUSION |
| vs. | ) | |
| | ) | |
| TRAVIS PAGADUAN, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| _____ | ) | |

**ORDER TO SHOW CAUSE WHY LHF PRODUCTIONS, INC.'S CLAIMS
ARE NOT BARRED BY ISSUE AND/OR CLAIM PRECLUSION**

**I.      INTRODUCTION.**

This is the second copyright infringement action that one Plaintiff, LHF Productions, Inc., has filed against Defendant Travis Pagaduan for what appears to be the same allegedly infringing conduct with respect to "London Has Fallen."  In the earlier case, judgment was entered in LHF Productions' favor. LHF Productions is ordered to show cause why its claims against Pagaduan in this action are not barred by issue and/or claim preclusion.

**II.      BACKGROUND.**

LHF Productions appears to have filed two actions against Pagaduan for alleged copyright violations involving the same movie ("London Has Fallen"), the same time period, and the same conduct.

**A.     *Pagaduan I*.**

On February 23, 2017, LHF Productions sued Pagaduan for violation of its copyright in the movie "London Has Fallen." *See* Second Amended Complaint ¶ 8, *LHF Productions, Inc. v. Pagaduan*, Civ. No. 16-00437 JMS/RLP, ECF No. 20, PageID # 105 ("*Pagaduan I*").

In *Pagaduan I*, LHF Productions asserted claims of copyright infringement (First Claim for Relief) and contributory copyright infringement (Second Claim for Relief) based on Pagaduan's alleged use of BitTorrent to offer "London Has Fallen" online. *See id.* Pagaduan's conduct allegedly occurred from June 9 to June 27, 2016. *See* Civ. No. 16-00437 JMS/RLP, ECF No. 20-1.

Pagaduan was served with a copy of the Second Amended Complaint in *Pagaduan I* on April 15, 2017. *See* Civ. No. 16-00437 JMS/RLP, ECF No. 26. Default was entered on May 22, 2017. *See* Civ. No. 16-00437 JMS/RLP, ECF No. 29.

On July 5, 2017, LHF Productions moved for default judgment in *Pagaduan I*. *See* Civ. No. 16-00437 JMS/RLP, ECF No. 31. On August 21, 2017, Magistrate Judge Richard L. Puglisi issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff LHF Productions, Inc.'s Motion for Entry of Default Judgment ("F&R"). *See* Civ. No. 16-00437 JMS/RLP, ECF No. 33. The F&R recommended that default judgment be entered in LHF

Productions' favor for $750 in statutory damages and that the court deny LHF Productions' request for injunctive relief. *Id.*

On September 11, 2017, Chief District Judge J. Michael Seabright adopted the F&R. *See* Civ. No. 16-00437 JMS/RLP, ECF No. 34. Judgment was entered in favor of LHF Productions the following day. *See* Civ. No. 16-00437 JMS/RLP, ECF No. 35. No appeal was taken.

**B.** *Pagaduan II*.

On September 1, 2017, LHF Productions, acting as one of several Plaintiffs, again sued Pagaduan in the present case with respect to alleged violations of its copyright rights in the movie "London Has Fallen." *See* First Amended Complaint ¶ 16, *LHF Productions, Inc. v. Pagaduan*, Civ. No. 17-00130 SOM/KJM, ECF No. 16, PageID #s 67-68 ("*Pagaduan II*"). The First Amended Complaint in *Pagaduan II* notes that Pagaduan was sued in *Pagaduan I* for alleged copyright violations with respect to "London Has Fallen" on June 11, 2016. *Id.* ¶ 35, PageID #s 71-72. The First Amended Complaint then alleges that Pagaduan also infringed LHF Productions' copyright in "London Has Fallen" two days later, on June 13, 2016, again through BitTorrent. *Id.* ¶ 36, PageID # 72.

Notwithstanding Magistrate Judge Puglisi's F&R of August 21, 2017, recommending that the court enter default judgment in *Pagaduan I* in favor of LHF Productions and against Pagaduan in the amount of $750 in statutory damages covering

3

Pagaduan's alleged violation of LHF Productions' copyright rights through his use of BitTorrent in June 2016 with respect to "London Has Fallen," LHF Productions asserted what appear to be the same copyright claims against Pagaduan in *Pagaduan II*. In the First Amended Complaint in *Pagaduan II* (filed just days after the F&R in *Pagaduan I)*, LHF Productions again asserts that Pagaduan used BitTorrent to infringe the copyright in "London Has Fallen" (First Claim for Relief) and to contributorily infringe (Second Claim for Relief). *See* ECF No. 16.

Pagaduan was served with a copy of the First Amended Complaint in *Pagaduan II* on September 7, 2017. *See* ECF No. 20. Default was entered on October 4, 2017. *See* ECF No. 29.

On October 12, 2017, LHF Productions moved for default judgment. *See* ECF No. 33. On December 29, 2017, Magistrate Judge Kenneth J. Mansfield issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment Against Defendant Travis Pagaduan ("F&R II"). *See* ECF No. 42. The F&R II recommended that default judgment be entered in LHF Productions' favor for $750 in statutory damages, $875 in attorney's fees, and $270 in costs, and that part of the requested injunctive relief be granted. *Id.*

**III.     ANALYSIS.**

Although no party has filed objections with respect to the F&R II, this court, in reviewing the record, has become

4

concerned that LHF Productions may be attempting to get a double recovery or to get relief that was declined by the court in *Pagaduan I*. The court therefore issues the present order to show cause, which the court will resolve before acting on the F&R II.

Under 17 U.S.C. § 504(c)(1), the court may award "statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just." District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1355 (9th Cir. 1984). In *Pagaduan I*, LHF Productions sought and was awarded statutory damages of $750 against Pagaduan with respect to his alleged June 2016 copyright violations concerning "London Has Fallen." Judgment was entered in favor of LHF Productions and against Pagaduan on September 12, 2017. *See* Civ. No. 16-00437 JMS/RLP, ECF Nos. 33-35. No appeal was taken, and that judgment is now a final judgment.

Days after Magistrate Judge Puglisi issued his *Pagaduan I* F&R of August 21, 2017, recommending that default judgment be entered in favor of LHF Productions and against Pagaduan in the amount of $750, LHF Productions filed the First Amended Complaint in this case, asserting that the same

5

Defendant, Pagaduan, had committed copyright violations with respect to the same work, "London Has Fallen," for the same time period--June 2016. In fact, the conduct Pagaduan was alleged to have committed appears to be identical in both cases, which were filed by different attorneys. It therefore appears that either LHF Productions mistakenly filed a second suit against Pagaduan for the same conduct, or it was not satisfied with Magistrate Judge Puglisi's F&R and filed a second suit hoping to get a more favorable result. LHF Productions is now ordered to show cause why its claims in this action are not barred by res judicata and/or collateral estoppel, as a final judgment on the merits has been entered in *Pagaduan I*.

Res judicata and collateral estoppel limit relitigation. Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). "Claim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). As the Ninth Circuit has said:

> Res judicata bars relitigation of all grounds of recovery that were asserted, or could have

> been asserted, in a previous action between
> the parties, where the previous action was
> resolved on the merits. It is immaterial
> whether the claims asserted subsequent to the
> judgment were actually pursued in the action
> that led to the judgment; rather, the
> relevant inquiry is whether they could have
> been brought.

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (quotation marks and citation omitted). The res judicata effect of a federal court judgment is a matter of federal law. *See Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 n.11 (9th Cir. 1992).

When a federal court has decided the earlier case, federal law also controls the collateral estoppel, or issue preclusion, analysis. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th. Cir. 2004). To have issue preclusion

> (1) the issue at stake must be identical to
> the one alleged in the prior litigation;
> (2) the issue must have been actually
> litigated [by the party against whom
> preclusion is asserted] in the prior
> litigation; and (3) the determination of the
> issue in the prior litigation must have been
> a critical and necessary part of the judgment
> in the earlier action.

*Id.*

No later than January 31, 2018, LHF Productions may file a written response to this order to show cause that demonstrates why its claims against Pagaduan are not precluded by issue and/or claim preclusion. Any such written filing must be no more than 1000 words.

This court will hold a hearing on this order to show cause on February 20, 2018, at 10:30 a.m. Counsel for LHF Productions, Kerry S. Culpepper, must appear at this hearing in person, unless LHF Productions moots out this order to show cause by dismissing all claims in this action against Pagaduan no later than January 31, 2018.

**V. CONCLUSION.**

As set forth above, LHF Productions is ordered to show cause why its claims against Pagaduan are not precluded by issue and/or claim preclusion. A hearing on this order to show cause is set for 10:30 a.m. on February 20, 2018.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 18, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*LHF Productions, Inc.* v. Pagaduan, Civil No. 17-000130 SOM/KJM; ORDER TO SHOW CAUSE WHY LHF PRODUCTIONS, INC.'S CLAIMS ARE NOT BARRED BY ISSUE AND/OR CLAIM PRECLUSION