CULPEPPER IP, PLLC
Kerry S. Culpepper, Bar No. 9837
75-5737 Kuakini Highway, Suite 102
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 322-3389
Facsimile:   (202) 204-5181
E-Mail:        kculpepper@culpepperip.com

Attorney for Plaintiffs
ME2 Productions, Inc.,
Venice PI, LLC, and
LHF Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ME2 Productions, Inc., Venice PI, LLC, and LHF Productions, Inc. | **Case No.: 1:17-CV-00130-KJM-SOM** (Copyright) |
| Plaintiff, vs. Travis Pagaduan, Defendant. | PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY LHF PRODUCTIONS, INC.'S CLAIMS ARE NOT BARRED BY ISSUE AND/OR CLAIM PRECLUSION [DOC. #44] |
| | Hearing Date: February 20, 2018 10:30 am |

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY LHF
PRODUCTIONS, INC.'S CLAIMS ARE NOT BARRED BY ISSUE
AND/OR CLAIM PRECLUSION [DOC. #44]

1

Plaintiff LHF Productions, Inc. (hereafter: "Plaintiff"), by and through its attorney, Kerry S. Culpepper, hereby submits its Written Response to the Order to Show Cause (hereafter: "Order") [Doc. #44].   As discussed more fully below, Exhibit 1 of the Amended and First Amended Complaints of the 1:16-cv-00437 JMS-RLP case (hereafter: "Pagaduan I") shows the infringement dates of ten different *individuals* – not ten different infringement dates of Defendant Travis Pagaduan.   Therefore, issue/claim preclusion does not apply to the alleged date of infringement in the present case (hereafter: "Pagaduan II") because it is distinct from and does not overlap with the date of infringement in Pagaduan I.

## I.   BRIEF FACTUAL BACKGROUND

Plaintiff joined this action (Pagaduan II) on September 1, 2017 against Defendant Travis Pagaduan (hereafter: "Defendant") for copying Plaintiff's copyrighted motion picture *London Has Fallen* (hereafter: the "Work") using a BitTorrent client application at Internet Protocol ("IP") address 72.253.215.80 on 2016-06-13 00:12:00 (UTC). [Doc. # 16, ¶ 36].

In Pagaduan I, on the other hand, Plaintiff alleged that the Work had been infringed on 2016-06-11 04:10:53, a distinct time from the date of alleged infringement of Pagaduan II.  Exhibit 1 of the original and amended complaint of Pagaduan I includes ten different IP addresses.  Defendant Travis Pagaduan's IP address 72.253.215.80 is the eighth of these ten.  Accordingly, the time period of

2

infringement in the Pagaduan I case was 2016-06-11 04:10:53 – not June 9 to June 27, 2016 as stated in pg. 2 of the Order.

When Defendant failed to respond appear, plead, or otherwise defend in the Pagaduan II case, Plaintiff filed a Rule 55(a) request for the entry of default on July 6, 2017 [Doc. # 30], which was promptly granted by the Court. [Doc. # 31].

## II.    ARGUMENT

Claim preclusion bars litigation of claims that were or could have been raised in a prior action. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  Claim preclusion "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).  As discussed more fully below, claim preclusion does not apply here in the Pagaduan II case because: (i) the claims are not identical; and (ii) Defendant did not raise the affirmative defense of claim preclusion in an initial (or any) pleading in Pagaduan II.

## A.    The Claims of the Pagaduan I case and the Pagaduan II case are not identical.

Although the Work is the same, the dates of infringement in Pagaduan I and Pagaduan II are different.  Therefore, the claims are not identical.  Courts apply four criteria to determine whether there is an identity of claims: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by

prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Harris*, 682 F.3d at 1132 (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion-the same transactional nucleus of facts-is the most important." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151.

Regarding criteria (1), the rights or interests established in the prior judgment (Pagaduan I) with respect to the infringement on 2016-06-11 04:10:53 would not be destroyed or impaired by prosecution of the second action regarding the infringement on 2016-06-13 00:12:00 (UTC).

Regarding criteria (2) In Pagaduan II, a different date of infringement is being alleged. Therefore, the evidence in Pagaduan II is substantially different from that of Pagaduan I.

Regarding criteria (3) the two suits both involve infringement of the Work, but on different dates. Therefore, the two suits do not involve infringement of the same right.

Regarding criteria (4), "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *Turtle Island Restoration Network v. U.S.*

4

*Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (citing *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)) (internal quotation marks omitted).  The alleged infringement dates are different in Pagaduan I and Pagaduan II.  Therefore, they are not related to the same set of facts.

## B.     Defendant waived the defense of claim preclusion by not raising it as an affirmative defense.

Claim preclusion is an affirmative defense which must be deemed waived if not raised in the pleadings.  *See Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995).   Here, (in Pagaduan II) the Defendant has defaulted [Doc. # 31] so he has waived this affirmative defense.  Moreover, the affirmative defense of res judicata may only be raised by the Court *sua sponte* in "special circumstances" such as when the Court previously decided an issue. *See Arizona v. California*, 530 U.S. 392, 412-13 (2000).  Here, the Court has not previously decided the issue of Defendant's alleged infringement of the Work on 2016-06-13 00:12:00 (UTC).  Therefore, special circumstances necessary for the Court to raise this issue *sua sponte* are not present.

## III.    Conclusion.

Claim preclusion does not bar litigation in the present case because the claims in Pagaduan I and Pagaduan II are not identical.  Assuming *arguendo* that the claims

are identical, claim preclusion still does not bar litigation in the present case because

Defendant waived this affirmative defense.

      DATED: Kailua-Kona, Hawaii, January 18, 2018.

            CULPEPPER IP, PLLC

            /s/ Kerry S. Culpepper
            Kerry S. Culpepper

            Attorney for Plaintiff
            LHF Productions, Inc.