IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ME2 PRODUCTIONS, INC.; VENICE PI, LLC; LHF PRODUCTIONS, INC., | ) ) ) ) | CIVIL NO. 17-000130 SOM/KJM ORDER MODIFYING AND ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TRAVIS PAGADUAN |
| Plaintiffs | ) ) | |
| vs. | ) ) | |
| TRAVIS PAGADUAN, | ) ) | |
| Defendant, | ) ) ) | |

**ORDER MODIFYING AND ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TRAVIS PAGADUAN**

**I.     INTRODUCTION.**

This is a copyright infringement action brought by three separate plaintiffs against Defendant Travis Pagaduan for infringing conduct with respect to three different movies. Plaintiff ME2 Productions, Inc., alleges that Pagaduan pirated "Mechanic: Resurrection" via BitTorrent. Plaintiff Venice PI, LLC, alleges that Pagaduan pirated "Once Upon a Time in Venice" via BitTorrent. LHF Productions, Inc., alleges that Pagaduan pirated "London Has Fallen" via BitTorrent.

Default has been entered against Pagaduan, and Plaintiffs have moved for default judgment. On December 29, 2017, the Magistrate Judge issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Default Judgment ("F&R"), ECF No. 42. The F&R recommended that: (1)

default judgment be entered in favor of each respective Plaintiff and against Pagaduan; (2) Pagaduan be ordered to delete or destroy any and all illegal copies of "Mechanic: Resurrection," "Once Upon a Time in Venice," and "London Has Fallen;" (3) Pagaduan be permanently enjoined from downloading any of the three movies via BitTorrent or in any other manner infringing on Plaintiffs' respective copyrights; (4) statutory damages of $750 be awarded to each of the three Plaintiffs, for a total statutory damages award of $2,250; (5) attorney's fees of $875 be awarded; and (6) costs of $270 be awarded.

No party objected to the F&R. Nevertheless, in reviewing the F&R, this court became concerned that LHF Productions had already sued and received a judgment against Pagaduan with respect to copyright infringement claims for identical conduct two days before the conduct at issue in this case. The court therefore issued an Order to Show Cause why those claims should not be dismissed based on issue and/or claim preclusion. *See* ECF No. 44. During arguments at the show cause hearing of February 20, 2018, this court continued to question whether LHF Productions' claims were barred by claim preclusion. The court did not rule at the hearing, instead taking the matter under advisement. The day after the hearing, LHF Productions voluntarily dismissed its claims against Pagaduan. *See* ECF No. 47. This court therefore modifies the F&R to remove any

recommended award to LHF Productions. The court adopts the remainder of the F&R as modified.

**II.      STANDARD.**

A district judge reviews *de novo* those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2. *Kealoha v. Totto*, 2017 WL 1839280, *2 (D. Haw. May 8, 2017); *Paco v. Meyers*, 2013 WL 6843057, *1 (D. Haw. Dec. 26, 2013). In other words, a district judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirectTV, Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006). While the district judge must arrive at independent conclusions about those portions of the magistrate judge's report to which objections are made, a *de novo* hearing is not required. *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *Kealoha*, 2017 WL 1839280, *2; Local Rule 74.2.

The district judge may accept those portions of the findings and recommendation that are not objected to if the district judge is satisfied that there is no clear error on the face of the record. *United States v. Bright*, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122,

3

1127 (D. Haw. 2003). The district judge may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). The district judge may also consider the record developed before the magistrate judge. Local Rule 74.2.

**III.    ANALYSIS.**

Given the dismissal of LHF Productions' claims against Pagaduan, the court modifies the F&R by removing any award in favor of LHF Productions, including any attorney's fee award. With that modification, the court adopts the remainder of the F&R, ruling as follows:

First, default judgment is granted against Pagaduan and in favor of Plaintiffs ME2 and Venice.

Second, Pagaduan is ordered to delete or destroy any and all illegal copies of "Mechanic: Resurrection" and "Once Upon a Time in Venice" that he has in his possession or that he has control over.

Third, Pagaduan is permanently enjoined from downloading or offering to others "Mechanic: Resurrection" and/or "Once Upon a Time in Venice" via BitTorrent or in any other manner infringing on ME2's or Venice's respective copyrights.

Fourth, statutory damages of $750 each are awarded to ME2 and Venice, for a total statutory damages award of $1,500.

Fifth, attorney's fees of $527.50 (2.11 hours at $250 per hour) are awarded to ME2 and Venice. These fees reflect a reduction in the amount recommended by the F&R in light of LHF Productions' dismissal of its claims against Pagaduan. The court adopts the fee recommendation set forth in the F&R, except as modified below.

With respect to the pre-First Amended Complaint fees, the F&R recommended a reduction based on excessiveness from 1.8 hours to 1.0 hours, a 4/9 reduction in the amount. Of the 1.8 hours requested, 1.0 hours of fees incurred from July 23, 2017, through August 28, 2017, either are related or could be related to fees incurred on behalf of LHF Productions. *See* ECF No. 33-7, PageID # 235. The court declines to award such fees because ME2 and Venice have failed to demonstrate that those fees were incurred on their behalf, leaving a total of 0.8 hours of the original 1.8 hours requested. For the reasons stated in the F&R, the court reduces the remaining 0.8 hours by 4/9, the discounted rate recommended by the F&R, leaving 0.44 hours of fees that the court awards for pre-First Amended Complaint work on behalf of ME2 and Venice.

With respect to the fees associated with the Motion for Default Judgment, the F&R determined that the 6.7 hours spent preparing it was excessive and that the award of fees with respect to the motion should be reduced to 2.5 hours. This court

5

modifies this recommendation by further reducing it by 1/3 to subtract fees incurred on behalf of LHF Productions.  The court therefore awards 1.67 hours of time with respect to the Motion for Default Judgment.

The court awards a total fee amount of $527.50, which reflects an hourly rate of $250 and fees for 0.44 and 1.67 hours of work (a total of 2.11 hours).

Sixth, the court awards the full amount of costs recommended by the F&R, $270, as those costs related to the filing fee for this action and the service of ME2's original Complaint.  *See* ECF No. 33-8, PageID # 240.

## V.    CONCLUSION.

As set forth above, the court modifies and adopts the F&R.

Because all claims against all parties have now been adjudicated, the court directs the Clerk of Court to enter judgment in favor of Plaintiffs ME2 and Venice and against Defendant Pagaduan and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 27, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*LHF Productions, Inc.* v. Pagaduan, Civil No. 17-000130 SOM/KJM; ORDER MODIFYING AND ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TRAVIS PAGADUAN